IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

PEREZ M. RUSSELL,

       Defendant.

Case No. 06-cr-40009-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on (1) defendant Perez M. Russell's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 37), and (2) counsel's motion to withdraw (Doc. 41). Counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 41). *See Anders v. California*, 386 U.S. 738, 744 (1967). Both the government and the defendant were given an opportunity to respond. *See* Admin. Order 137. The government responded (Doc. 43) agreeing with counsel's motion to withdraw, and the defendant failed to respond.

Russell pled guilty to two counts of distribution of less than five grams of cocaine base. The Court further found that Russell was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 34, reduced by 3 to 31 for acceptance of responsibility. Considering Russell's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison. The Court imposed a sentence of 188 months for each count to

run concurrent to one another, but consecutive to Russell's sentence for revocation in case number 00-cr-40015-JPG.  *See* 21 U.S.C. § 841(b)(1)(B) & (C).

Russell now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.  Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Russell cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 750 amended U.S.S.G. § 2D1.1 to lower some base offense levels associated with crack cocaine, Russell was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base

offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

     Because Russell cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 41) and **DISMISSES** Russell's motion for a sentence reduction (Doc. 37) for **lack of jurisdiction**.

**IT IS SO ORDERED.**

**DATED:**  July 30, 2014

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**