IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                                          No.   06-cr-40009- JPG

PEREZ M. RUSSELL,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Perez M. Russell's *pro se* motion (Doc. 45) for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 177).   The Government has not responded to the defendant's motion and the Federal Public Defenders' Office has declined to enter an appearance.

The defendant pled guilty to two counts of distribution of crack cocaine.   At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of at least 5 grams, but less than 20 grams, of a substance containing cocaine base, *see* PSR ¶ 20, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 26.   His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crimes. This established a total offense level of 23.   However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1 based on prior felony convictions, which raised his total offense level to 34.

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2005 version.

Considering Defendant's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235.  The Court imposed a sentence of 188 on each count to run concurrently.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.  Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.  *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 782

amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.  Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See, United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** his motion (Doc. 45).   The Court **DIRECTS** the Clerk of Court to send a copy of this order to Perez Russell, USP, P.O. Box 1000, Leavenworth, KS.

**IT IS SO ORDERED.**

**DATED:   February 24, 2015**

s*/J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**